**Eric MORALES, et al.**

v.

**COUNTRYWIDE HOME LOANS, INC.**

**No. CV 07–3806 GPS(RCx).**

United States District Court,
C.D. California,
Western Division.

Jan. 10, 2008.

Daniel S. Gruber, Gruber and Gruber, Howard A. Snyder, Howard A. Snyder Law Offices, Sherman Oaks, CA, for Eric Morales, Daniel Steiff, Weston Sutherland and Robert Farley.

Charles A. Newman, Douglas W. King, Bryan Cave, St Louis, MO, Jed P. White, Robert E. Boone, III, Bryan Cave, Santa Monica, CA, for Countrywide Home Loans, Inc.

PROCEEDINGS: Order Granting Motion to Dismiss and Remanding Action to State Court (In Chambers)

GEORGE P. SCHIAVELLI, District Judge.

On November 20, 2007, Defendant filed both a Motion to Dismiss and a Motion to Strike Class Allegations. The Court finds these Motions appropriate for decision without hearing. L.R. 7–15.

Plaintiffs' present class action alleges that Defendant Countrywide Home Loans ("Defendant" or "CHL") charged consumers improperly for services related to mortgages. Plaintiff alleges that these charges violated section 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b); Regulation X, 24 C.F.R. § 3500.1; and California Financial Code section 50505. Based on these facts, Plaintiff makes claims for violation of California's Unfair Competition Law ("UCL"), breach of contract, and fraud.

This case was removed under federal question jurisdiction because the unlawful prong of Plaintiff's UCL claim necessarily turns on the construction of RESPA and Regulation X. See *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (holding that state law claims are treated as ones "arising under federal law" where it is based on a substantial dispute over the effect of a federal law and the result turns on the federal question). In its Motion to Dismiss, CHL contends that Plaintiff's claim under the unlawful prong of the UCL fails as a matter of law. Because the dismissal of this claim would strip this Court of jurisdiction, the Court must consider this issue before the remainder of Defendant's Motions.

A. *Plaintiffs' Unlawful UCL Claim*

Parties can allege three distinct types of claims under California's Unfair Competition Law. Specifically, parties can allege conduct is unfair, unlawful, or fraudulent. Although Plaintiffs contend they alleged all three types of UCL claims, the present analysis only considers their unlawful claim.

Plaintiffs contend that Defendant CHL violated section 8(b) of RESPA, Regulation X, and California Financial Code § 50505 when it "marked-up" charges for services associated with mortgages. Specifically, Plaintiffs alleged that CHL charged marked-up fees for tax service and flood certification by engaging third-party vendors to perform these services and then charging Plaintiffs a much higher rate. By doing this, Plaintiffs allege CHL paid the third-party vendors for the services rendered and pocketed the mark-up without performing any additional service for Plaintiffs.

Based on these alleged "unlawful" practices, Plaintiffs filed their present UCL claim. The present analysis can be limited to section 8(b) of RESPA and Regulation X because a violation of California Financial Code section 50505 is exclusively dependant on a violation of RESPA or Regu-

lation X. The case law in this area focuses on section 8(b) of RESPA because Regulation X merely parrots this section. *See Echevarria v. Chicago Title & Trust Comp.*, 256 F.3d 623, 626 (7th Cir.2001).

### B. Analysis

Other courts have considered the issue presented by this case: whether "mark-ups" for services are prohibited by section 8(b) of RESPA. While the Ninth Circuit has not addressed this issue, the courts that have are split. This split is partly due to a disagreement between the Circuits as to whether the text of section 8(b) is clear and unambiguous. This portion of RESPA states:

> *Splitting Charges:* No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally regulated mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

The majority of courts, the Fourth, Seventh, and Eighth Circuits, have held that section 8(b) is an "anti-kickback" law intended to prohibit referral fee arrangements. *See, e.g., Boulware v. Crossland Mortgage Corp.*, 291 F.3d 261, 268 (4th Cir.2002). Thus, these courts found that section 8(b) does not prohibit mark-ups unless a portion of the charge is split or kicked back to the third-party vendor. *Haug v. Bank of America, N.A.*, 317 F.3d 832 (8th Cir.2003); *Krzalic v. Republic Title Co.*, 314 F.3d 875 (7th Cir.2002); *Boulware*, 291 F.3d at 268. These courts reasoned that the clear and unambiguous language of section 8(b) only prohibits charges when a 'portion' or 'percentage' of the charge is kicked back to or 'split' with a third-party. Under this interpretation, the mark-ups Plaintiff alleges here were not illegal because the third-party vendor was only paid "for services actually performed."

In contrast, the minority of courts, the Second, Third, and Eleventh Circuits, contend that the text of section 8(b) is ambiguous because the phrase "No person shall give and no person shall accept any portion, split or percentage of any charge" can be read to provide two prohibitions, one against giving and one against receiving portions of a charge. *See Kruse v. Wells Fargo Home Mortg., Inc.*, 383 F.3d 49, 58 (2d Cir.2004). Under the minority position, mark-ups are illegal under RESPA and Plaintiffs claim is viable.

After carefully reviewing the majority and minority positions and their reasoning, the Court finds the majority position persuasive for two reasons.

First, the Court finds the phrase "No person shall give and no person shall accept ..." is clear and unambiguous and must be read in the conjunctive. The minority view that this can be construed as providing two separate prohibitions creates an unreasonable expansion of RESPA.

Second, the minority position effectively imports a price-control into section 8(b) in violation of Congressional intent. The legislative history is clear that RESPA was not a price-control statute. *See Haug*, 317 F.3d at 837 (noting a price-control version of RESPA was considered and rejected). Accordingly, a company like CHL can charge customers any rate for services that it performs without violating RESPA. Recognizing this, even the minority position courts agree that overcharges (i.e. where companies charge more for a service than it costs them) do not violate section 8(b) of RESPA. *See, e.g., Kruse*, 383 F.3d at 56. The minority courts attempt to distinguish mark-ups from over-

charges on the ground that, in the mark-up situation, the service is performed by the third-party vendor and the company charging the customer is therefore receiving funds "other than for services performed." *Id.* at 62. This position is untenable.

Contrary to the minority view, the charging company in a mark-up situation *is* performing a service: they are locating and engaging the third-party vendor. *See Krzalic,* 314 F.3d at 881. As the Seventh Circuit points out, such repricing of incidental expenses is common throughout professional services. *Id.* Thus, by finding mark-ups are actionable under RESPA, the minority courts have added a price-control function to RESPA, thereby allowing customers to sue for any repricing of services. This is an unjustified expansion of section 8(b). While such repricing or mark-ups could be actionable for other reasons (e.g. fraud), it is not a violation of RESPA.

Thus, CHL's repricing of tax services and flood certification were not violations of RESPA, Regulation X or California Financial Code § 50505. Accordingly, Plaintiff's claim under the unlawful prong of the UCL fails as a matter of law.

## C. Conclusion

In light of the reasoning above. Defendant's Motion to Dismiss Plaintiff's claim under the unlawful prong of the UCL is **GRANTED**. As a result this Court lacks jurisdiction to consider the remainder of Defendant's Motions and this matter and it is **REMANDED** to state Court.

**IT IS SO ORDERED.**